IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**JAMES WENGER,**                                            04-CV-1714-BR

       **Plaintiff,**                                    OPINION AND ORDER

v.

**JOHNSON CONTROLS BATTERY
GROUP, INC.**, a Wisconsin Corporation,

       **Defendant.**


**KEVIN T. LAFKY**
**LARRY L. LINDER**
Lakfy & Lafky
429 Court Street N.E.
Salem, OR  97301
(503) 585-2450

       Attorneys for Plaintiff

**JENNIFER L. BOUMAN**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR  97205
(503) 248-1134

1 - OPINION AND ORDER

**SUSAN R. MAISA**
**KEVIN F. WOODALL**
Foley & Lardner, LLP
One Maritime Plaza, 6th Floor
San Francisco, CA  94111-3409
(415) 434-4484

Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion to Dismiss (#18).  For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

The following facts are undisputed unless otherwise noted: Defendant Johnson Controls Battery Group, Inc., hired Plaintiff in March 2003.  Defendant terminated Plaintiff's employment May 21, 2003.  On August 27, 2003, Plaintiff filed an administrative complaint with the Oregon Bureau of Labor and Industries (BOLI) in which he alleged Defendant terminated him in retaliation for filing a workers' compensation claim.

On April 20, 2004, Plaintiff filed a Chapter 7 bankruptcy. Plaintiff did not list his administrative complaint or his potential lawsuit against Defendant as assets in his Chapter 7 bankruptcy schedules.  In his Statement of Financial Affairs, Plaintiff represented under oath that he had not been involved in any "suits" or "administrative proceedings" as a party "within

one year immediately preceding the filing of [the] bankruptcy case."

BOLI dismissed Plaintiff's administrative complaint and provided him with a right-to-sue letter in September 2004. On November 8, 2004, Plaintiff's bankruptcy case was closed.

On November 23, 2004, Plaintiff filed a Complaint in this Court in which he asserted claims for violation of Or. Rev. Stat. § 659A.040, wrongful discharge, and intentional infliction of emotional distress.

On May 18, 2005, the bankruptcy court granted the trustee's request to reopen Plaintiff's Chapter 7 bankruptcy based on the trustee's representation that he recently had been notified about Plaintiff's case in this Court and that he sought to administer and to distribute this asset.

On July 8, 2005, Defendant filed a Motion to Dismiss on the grounds that Plaintiff lacks prudential standing to bring this action and Plaintiff is judicially estopped from bringing his claims.

## **STANDARDS**

On a Motion to Dismiss, a court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir.

3 - OPINION AND ORDER

1998).

## **DISCUSSION**

As noted, on a Motion to Dismiss, a court must limit its review to the contents of the complaint. Nonetheless, Plaintiff attached affidavits to his Response to Defendant's Motion, and Defendant filed requests for the Court to take judicial notice of Plaintiff's bankruptcy court filings. Neither party opposed the additional materials.

In *Parrino v. FHP, Inc.*, the court held "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." 146 F.3d 699, 706 (9th Cir. 1998). In addition, the court noted district courts may "consider documents "'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Id*. at 705 (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). The court extended this premise to allow the district court to "apply this rule to documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint, such an extension is supported by the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their

claims are based." *Id*. (citation omitted). Accordingly, for purposes of Defendant's Motion to Dismiss, the Court considers the affidavits submitted by Plaintiff and the bankruptcy court filings submitted by Defendant.

In its Motion, Defendant contends this matter should be dismissed as Plaintiff does not have prudential standing because these claims are the property of the bankruptcy trustee and the trustee has not abandoned them.

In addition, Defendant contends Plaintiff should be judicially estopped from bringing this action because Plaintiff did not disclose these claims on his asset schedule with the Bankruptcy court.

**I. Plaintiff Does Not Have Prudential Standing to Bring this Action, and Plaintiff May Not Substitute the Trustee as the Real Party in Interest.**

To assert constitutional standing successfully, Plaintiff must have suffered an "injury in fact" that is fairly traceable to the Defendant and that a favorable court decision could redress. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In his Complaint, Plaintiff alleges his termination which is an injury in fact that is fairly traceable to Defendant's actions. Accordingly, the Court concludes Plaintiff has established constitutional standing.

In addition to the "irreducible constitutional minimum of standing," however, Plaintiff also is required as a prudential

5 - OPINION AND ORDER

matter "to assert his own legal interests as a real party in interest."  *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004)(citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

**A.   Prudential Standing**.

After an individual files for bankruptcy protection, any assets possessed by that individual become the property of the bankruptcy estate.  *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203-05 (1983).  *See also Turner* 362 F.3d at 1225-26 ("All the legal and equitable interests" a debtor has in his property become the property of the bankruptcy estate and are represented by the bankruptcy trustee.").  "Causes of action are among such legal or equitable interests."  *Id.* (citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986)).  After a trustee is appointed, "the debtor's assets and claims pass to the trustee, making the trustee 'the proper party in interest.'"  *In re Eisen*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994).  Accordingly, the trustee is the sole party with standing to prosecute a cause of action belonging to the bankruptcy estate until that asset is abandoned by the trustee.  *Stein v. United Artists Corp.*, 691 F.2d 885, 891 (9th Cir. 1982).

In *Dunmore v. United States*, the plaintiff brought administrative proceedings in 1993 to get a refund from the IRS.  358 F.3d 1107 (9th Cir. 2004).  In 1995, the plaintiff filed for bankruptcy, but he omitted the refund claims from his bankruptcy

6 - OPINION AND ORDER

petition and schedules. *Id*. at 1109-10. In 1996, the bankruptcy court granted the plaintiff's bankruptcy petition and discharged his debt. *Id*. at 1110. In 1997, the plaintiff filed a complaint in federal court seeking a tax refund. *Id*. The Ninth Circuit concluded

> [the plaintiff] lacked prudential standing when he filed this action. The bankruptcy estate, not [the plaintiff], was the real party in interest at that time. [The plaintiff], as a debtor seeking bankruptcy relief, had a duty to carefully schedule his assets, including his tax refund claims, on his bankruptcy petition. [The plaintiff], however, breached this duty when he chose not to schedule his claims against the IRS on his Chapter 7 petition. By operation of statute, assets that [the plaintiff] failed to schedule remained the bankruptcy estate's property, even after the court discharged his debt. Thus, the unscheduled tax refund claims remained the estate's property post-bankruptcy.

*Id*. at 1112 (citations omitted). *See also Turner*, 362 F.3d at 1225-26 ("Because [the plaintiff] has filed for bankruptcy . . . he is no longer a real party in interest in this matter and has no standing to pursue this appeal.").

At the time Plaintiff filed this Complaint, he had filed for bankruptcy protection, and his assets, including the claims he asserts in his Complaint, were the property of the bankruptcy estate. Even though Plaintiff did not list his BOLI complaint and potential federal cause of action on his bankruptcy petition, "by operation of statute, assets that [Plaintiff] fail[s] to schedule remain[] the bankruptcy estate's property, even after

7 - OPINION AND ORDER

the court discharge[s] his debt." *See Dunmore*, 358 F.3d at 1112 (citing 11 U.S.C. § 554(c), (d)). The Court, therefore, finds the bankruptcy trustee rather than the Plaintiff was the real party in interest at the time Plaintiff filed this Complaint. Accordingly, the Court concludes Plaintiff does not have prudential standing to bring this action.

**B. Substitution of the Trustee as the Real Party in Interest**.

Plaintiff requests the Court to allow Plaintiff to substitute the trustee as the real party in interest pursuant to Fed. R. Civ. P. 17(a) if the Court finds Plaintiff does not have prudential standing. Plaintiff relies on *Dunmore* to support his argument.

In *Dunmore*, the Ninth Circuit concluded the plaintiff's "decision to sue in his own name was an 'understandable mistake.'" 358 F.3d at 1112. The Ninth Circuit, therefore, allowed the plaintiff to substitute the trustee as the real party in interest, and the ratification related back to the original filing date of the complaint. *Id*. In *Dunmore*, however, the trustee had abandoned the claim at issue. *Id*. at 1112. The Ninth Circuit reasoned, "[W]hen the bankruptcy trustee abandoned the refund claims in February 1999, the abandonment could constitute the estate's ratification of [the plaintiff's] lawsuit, . . . [which has] the same effect as if the estate itself had originally commenced the action." *Id*. Accordingly, as long as

8 - OPINION AND ORDER

the plaintiff made an understandable mistake, he would be allowed
to amend his complaint because the trustee had abandoned the
cause of action.  *Id*. at 1112-13.

Here Plaintiff contends he also made an "understandable
mistake" like the plaintiff in *Dunmore* when he did not list these
claims on his bankruptcy petition.  Thus, Plaintiff argues the
Court should allow him to substitute the trustee as the real
party in interest and to relate the substitution back to the
filing date.  This matter, however, is more analogous to *Turner*
than to *Dunmore*.

In *Turner*, the plaintiff was not the real party in interest
because he filed for bankruptcy.  362 F.3d at 1225.  In addition,
the trustee specifically contemplated the estate would pursue the
plaintiff's claims, and, therefore, the trustee did not abandon
the estate's interest in the plaintiff's cause of action.  362
F.3d at 1226.  Even though it had allowed the plaintiff in
*Dunmore* to ratify his action because he had made an
understandable mistake, the Ninth Circuit found in *Turner* that an
understandable mistake was insufficient because the trustee had
not abandoned the plaintiff's claim as the trustee had in
*Dunmore*.  *Turner*, 362 F.3d at 1226 n.11.  Accordingly, the Ninth
Circuit in *Turner* held the plaintiff did not have standing, the
court did not allow the plaintiff to substitute the trustee, and
the court dismissed Plaintiff's complaint.  *Id*. at 1226.

Here the trustee did not abandon the claims brought in this Court. In fact, when the trustee learned of this pending matter, he moved to reopen the bankruptcy estate to administer this action. Accordingly, the Court concludes Plaintiff lacks prudential standing to pursue this cause of action and may not substitute the trustee as the real party in interest and relate this matter back to the filing date of the Complaint.

**II. Plaintiff Is Judicially Estopped from Bringing this Action.**

Defendant also contends the Court should judicially estop Plaintiff from bringing this action even if he has standing because Plaintiff did not list this cause of action or his BOLI complaint on his bankruptcy petition and the bankruptcy court relied on Plaintiff's omissions.

"Judicial estoppel . . . precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position" in the same action or in different actions. *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600, 605 (9th Cir. 1996). Judicial estoppel is an equitable doctrine intended to protect the integrity of the judicial process by preventing a litigant from playing fast and loose with the courts. *See Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)(citation and quotation omitted). The Ninth Circuit has held judicial estoppel applies in subsequent litigation only if the court in the prior

10 - OPINION AND ORDER

litigation adopted the inconsistent assertion. *See Interstate Fire & Cas. Co. v. Underwriters at Lloyd's*, 139 F.3d 1234, 1239 (9th Cir. 1998).

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)(citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)). Judicial estoppel is inapplicable, however, when a party's prior position was based on inadvertence or mistake. *See Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997).

Here Plaintiff does not dispute he failed to include his BOLI complaint and this cause of action on his bankruptcy petition or asset schedules. Plaintiff contends his failure was due to mistake rather than to any intent to defraud the bankruptcy court. Plaintiff, however, signed under oath a statement that he had not been involved in any "suits" or "administrative proceedings" in which he was a party "within one year immediately preceding the filing of the bankruptcy case." Even if Plaintiff did not know he should list this cause of action as an asset in his bankruptcy petition, he knew he had filed a BOLI complaint within the year immediately preceding the filing of his bankruptcy case. In fact, Plaintiff received a

right-to-sue letter from BOLI two months before his bankruptcy closed. If Plaintiff had forgotten about his BOLI complaint at the time he originally filed his bankruptcy petition, his receipt of the right-to-sue letter from BOLI should have prompted Plaintiff to amend his bankruptcy petition to include that claim.

The Court, therefore, finds Plaintiff has not established inadvertence or mistake sufficient to avoid judicial estoppel. Accordingly, the Court concludes Plaintiff is judicially estopped from bringing this action.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss (#18).

IT IS SO ORDERED.

DATED this 1st day of February, 2006.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge